## ATKINSON *v.* COLT COMPANY *et al.*

No. 6465. November 15, 1928.

*E. P. & J. Cecil Davis* and *J. G. Faust,* for plaintiff in error.

*Noel P. Park* and *M. L. Felts,* contra.

Per Curiam. This was the trial of an issue in a statutory claim case, resulting in a verdict in favor of the plaintiff in fi. fa. The claimant made a motion for new trial, which was overruled.

In the first special ground of the motion for new trial error is assigned upon refusal of the court to allow the claimant the right to open and conclude the argument before the jury. It is recited that "claimant then and there offered to assume the burden of proof, and then and there at the time and place of said trial requested said court the right to open and conclude, and then and there insisted that under the law the claimant had such right. The entry of the sheriff, in his levy, as appears on the fi. fa., showed that the property was the property of Fred W. Atkinson, defendant in fi. fa., and in possession of . . , tenant in possession. Claimant then and there insisted and now insists that as between

the parties to the case the possession of the land was, in so far as such entry of levy shows, in said defendant, and his tenant's possession was defendant's possession, and the burden of proof was therefore on the claimant rather than on plaintiff; and claimant, as movant insists, therefore had the right to open and conclude the presentation of evidence and argument." The entry of the sheriff was in the following terms, as appears from the record: "Levied the attached and above-described fi. fa. on that certain tract of land [describing the land levied upon]. Same levied on as the property of Fred Atkinson under said fi. fa., and being in possession of . . , as tenant." Under this statement of facts the claimant was entitled to the opening and concluding argument, and the court erred in refusing her this right.

■ Another ground of the motion for new trial assigns error upon the following charge of the court: "It is contended, and just here I will make this statement, it is also contended by the claimant in this case that this deed was based on a valuable consideration, that the transaction was fair between her and her husband, that her husband was indebted to an estate in a sum of money, and that she was an heir to that estate, and that this deed was made to her by virtue of her assuming the indebtedness of her husband to said estate." This is excepted to on the ground that "the court nowhere in his charge submitted to the consideration of the jury the effects of such contentions, in the event the jury should believe them to be true, and nowhere charged the jury that should they believe these contentions, they should find for the claimant." An examination of the charge shows that the court did charge the jury as follows: "I charge you, if you believe from the evidence that the husband executed a conveyance to his wife for the purpose of hindering, delaying, or defrauding a creditor or creditors in the collection of his debt, and if the wife took with notice of such intention, the deed would be void as to creditors; but that on the other hand if the husband made the conveyance to his wife in good faith, without the intention upon his part to hinder, delay, or defraud creditors, but bona fide and for a valuable consideration, the deed would be not void and was a valid conveyance, and in that case the verdict should be for the claimant. . . If you believe from all the evidence, facts and circumstances in this case, applying the rules of law as given you thereto in charge, that the

title to this property was and is in the defendant, Mr. Fred Atkinson, at the time of the levy, why then in that event I charge you that it would be your duty to return a verdict in favor of the plaintiff in fi. fa. . . I charge you that if you believe under the evidence, facts and circumstances in this case, that the transaction between the husband and the wife was fair, and that this deed was based on a valuable consideration, and that the title to the property was in Mrs. Atkinson before the execution was gotten in favor of Colt & Company, then I charge you that you would be authorized to find in favor of the claimant in this case." In view of the parts of the charge quoted, the exception contained in this ground of the motion for new trial is without merit.

■ Inasmuch as a new trial is granted in this case, no opinion is expressed as to the evidence.

*Judgment reversed. All the Justices concur, except*

BECK, P. J. I dissent from the ruling in the first division, being of the opinion that the facts recited do not show that the claimant demanded the right to open and conclude before the evidence was introduced in the case. See *Drake* v. *Ward-Truitt Co.,* 151 *Ga.* 155 (106 S. E. 95).